**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ANDREW LAWHORN,

          Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

          Defendant - Appellee.

No. 14-35658

D.C. No. 3:13-cv-00319-JE

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted June 30, 2015[**]

Before:  THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Andrew Lawhorn appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  Lawhorn contends that the

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

administrative law judge ("ALJ") erred by failing to include in his residual functional capacity finding or in his question to the vocational expert his finding at step three of the sequential evaluation process that Lawhorn had moderate difficulties with regard to concentration, persistence, or pace. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's judgment de novo. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical [record]." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). In *Stubbs-Danielson*, we held that a finding that a claimant had the residual functional capacity "to perform simple, routine, repetitive sedentary work," as well as a hypothetical question that reflected the same limitations, adequately incorporated limitations related to pace and other mental limitations regarding attention, concentration, and adaption that had been identified by doctors. *Id.* at 1173-76. We explained that only one doctor had assessed whether the claimant could perform unskilled work on a sustained basis, and this doctor had concluded that the claimant could do so despite the doctor's additional finding that the claimant had a slow pace. *Id.* at 1174-75.

2

In assessing Lawhorn's residual functional capacity, the ALJ found that he "was limited to simple, routine tasks." In his series of hypothetical questions to the vocational expert, the ALJ included a limitation of "simple routine tasks." Like the doctor in *Stubbs-Danielson*, Dr. Peter Okulitch stated that Lawhorn had difficulty concentrating but nonetheless concluded that he could perform "simple and repetitive tasks as well as more detailed and complex ones." According, the ALJ's residual functional capacity finding and hypothetical questions were consistent with the restrictions identified in the medical record and thus adequately described Lawhorn's limitations. *See id.* at 1174-75; *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011) (requiring hypothetical question posed to vocational expert to account specifically for "moderate limitation[s] in maintaining concentration, persistence, and pace").

**AFFIRMED.**